IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENNY NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-CV-433-MHT |
| | ) | |
| STATE OF ALABAMA PERSONNEL | ) | JURY DEMAND |
| DEPARTMENT and its Director, | ) | |
| Jackie Graham; STATE OF ALABAMA | ) | |
| DEPARTMENT OF CONSERVATION | ) | |
| AND NATURAL RESOURCES | ) | |
| and its Commissioner, Barnett Lawley, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

The Plaintiff, Benny Newton, pursuant to this Court's Order (Doc. 34) hereby amends and restates his Complaint against the Defendants, as follows:

**I.   JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 133(4), 2201 and 2202, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, and the Civil Rights Act of 1001 providing for injunctive and other relief against race discrimination.

2.   The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title

VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil rights Act of 1991," 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

## II. PARTIES

3. Plaintiff Benny Newton is an African-American male, a citizen of the United States and a resident of the State of Alabama.

4. Defendant State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and § 1983. The defendant employs at least fifteen (15) persons.

5. Defendant State of Alabama Department of Conservation and Natural Resources and its Commissioner, Barnett Lawley, in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and § 1983. The defendant employs at least fifteen (15) persons.

## III. FACTUAL ALLEGATIONS

6. Plaintiff Benny Newton graduated from Auburn University Montgomery in 1980 with a bachelor's degree in general business with an emphasis in computer science.

7. Plaintiff began his employment with the State of Alabama Department of Forensic Sciences in May of 1989 as a Programmer Analyst II.

8. Plaintiff transferred to the Parks Department at the Department of Conservation and

2

Natural Resources as a Programmer Analyst II in February of 1991.

9.  As Programmer Analyst II in the Parks Department at the Department of Conservation, Plaintiff supported the computer needs of the entire Conservation Department by developing software, supporting the software and hardware that was installed, and purchasing hardware for the lodges and parks and the central office. Plaintiff was the first data processing specialist in the Department of Conservation.

10. As a Programmer Analyst II for the Parks Department at the Department of Conservation and Natural Resources, Plaintiff was supervised initially by Nelda Claybrook, followed by Jerry Fuller, Gary Leach and then by Don Cooley.

11. On or about November 18, 2000, Plaintiff's position as a Programmer Analyst II in the Parks Department of the Department of Conservation and Natural Resources was reallocated to the position of IT Systems Specialist, Associate for the Department of Conservation and Natural Resources.

12. Plaintiff presently holds the position of IT Systems Specialist, Associate for the Department of Conservation.

13. As an IT Systems Specialist, Associate, Plaintiff's duties and responsibilities are at a level below his experience and previous job history.

14. As an IT Systems Specialist, Associate, Plaintiff has been supervised by Jamie Gray, Julie Perry and Jessie Mitchell.

15. Throughout Plaintiff's employment with the Department of Conservation and Natural Resources, he was repeatedly denied promotions by the Defendants on the basis of his race, African-American.

16. Plaintiff was qualified, if not more qualified, than the white individuals who received the

promotions Plaintiff sought but was denied.

17. The actions of the Department of Conservation and Natural Resources and its Commissioner, Bernett Lawley (the "Conservation Defendants") in denying Plaintiff the promotions he sought and which were awarded to white applicants, despite Plaintiff being as qualified or more qualified than the white applicants who were awarded such promotions, were made knowingly and intentionally, in bad faith, and in complete disregard for established law forbidding discrimination.

18. Conservation Defendants and Defendant State of Alabama Personnel Department ("Personnel Defendants") act as agents for the State of Alabama for the purpose of accepting or rejecting candidates for employment and job promotion.

19. The Defendants have no legitimate non-discriminatory reasons for their conduct in denying Plaintiff the promotions he sought and for which he was qualified.

20. The Defendants further discriminated against Plaintiff by denying him opportunities for training, development and job assignments in his position as Programmer Analyst II and discriminatorily hindered his ability to perform his duties and responsibilities as a Programmer Analyst II.

21. The Defendants have further discriminated against Plaintiff in retaliation for his participation in an activity protected by Title VII when he filed an EEOC charge against the Defendants and when he participated in the lawsuit styled *In re: Employment Discrimination Litigation Against the State of Alabama, Eugene Crum, Jr., et al. Plaintiffs vs. State of Alabama, et al.,* Case No. CV-94-T-356-N, Middle District of Alabama.

22. Because of the Defendants' discriminatory conduct, Plaintiff has been caused to suffer severe emotional distress, embarrassment and humiliation.

**Programmer Analyst III**

23. The Defendants discriminated against Plaintiff in not reallocating this position so that he could be placed in this position at the time the state IT positions were reallocated in the fall of 2000. Plaintiff's duties and responsibilities as a Program Analyst II were more aligned with this position than with the position of IT Systems Specialist, Associate to which he was reallocated after the reallocation.

**Data Processing Specialist II**

24. Defendants discriminated against Plaintiff by denying him the position of Data Processing Specialist II in the Department of Conservation before the reallocation of IT positions in November of 2000. Before the reallocation of IT positions in the fall of 2000, Plaintiff ranked number 1 on the promotional register for this position.

**Programmer Analyst, Senior**

25. Before the reallocation of IT positions in the fall of 2000, Plaintiff ranked number 1 on the promotional register for Data Processing Specialist II. Defendant discriminated against Plaintiff by placing him on the Programmer Analyst, Senior register at a lower ranking on the banded register for Programmer Analyst, Senior than his number 1 ranking on the Data Processing Specialist II promotional register would indicate.

26. Because of the discriminatory lower ranking on the Programmer Analyst Senior register, Plaintiff has been unlawfully denied the position of Programmer Analyst Senior.

**IT Specialist, Senior**

27. Defendants discriminated against Plaintiff by not reallocating him to the position of IT Specialist, Senior at the time of reallocation when a white Programmer Analyst II employee in the

5

Department of Conservation with equal or lesser qualifications than the Plaintiff was allocated to IT Specialist, Senior and Plaintiff was allocated to IT Specialist, Associate.

**Data Processing Specialist III**

28.  Defendants discriminated against Plaintiff by not promoting him to this position before the reallocation of IT positions in November of 2000 when Plaintiff ranked number 1 on the Data Processing Specialist II register.

**Data Processing Manager I**

29.  Defendants discriminated against Plaintiff by not promoting him to this position before the reallocation of IT positions in November of 2000.

**Parks Division Assistant Director**

30.  Defendants discriminated against Plaintiff when they changed the job description for this position to prevent Plaintiff from qualifying to be considered for the position.

31.  Defendants further discriminated against Plaintiff by failing to provide him the job assignments pertinent to his Programmer Analyst II position which would have allowed him the experience he needed to apply for the Parks Division Assistant Director position.

**Parks Division Director**

32.  Defendants discriminated against Plaintiff when they changed the job description for this position to prevent Plaintiff from qualifying to be considered for the position.

33.  Defendants further discriminated against Plaintiff by failing to provide him the job assignments pertinent to his Programmer Analyst II position which would have allowed him the experience he needed to apply for the Parks Division Director position.

## IV. CAUSES OF ACTION

### COUNT I

**(Race Discrimination in Employment and Retaliation in Violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983 Against the State of Alabama Department of Conservation and Natural Resources and Its Commissioner, Barnett Lawley)**

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-33 with the same force and effect as if fully set out in specific detail hereinbelow.

35. This claim is brought against the Defendant Alabama Department of Conservation and Natural Resources and its Commissioner, Barnett Lawley, in his official capacity.

36. Plaintiff has been discriminatorily denied promotions he was qualified for in favor of lesser or equally qualified white employees because of his race, African American.

37. Plaintiff is as qualified, if not more qualified, than the white employees who were awarded the positions.

38. Plaintiff has been denied training and proper job assignments and otherwise discriminated against by Defendant in the terms and conditions of his employment.

39. Plaintiff has been retaliated against by Defendants for his participation in activities protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*.

40. The Conservation Defendants have a pattern and practice of race discrimination.

41. Because of the Conservation Defendants' conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

42. Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus interest, an injunctive and declaratory judgment, and is his only means of securing adequate relief. Plaintiff is now

suffering and will continue to suffer irreparable injury from the Conservation Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II

### (Race Discrimination in Employment and Retaliation in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.*, as amended, against the Department of Conservation and Natural Resources and Its Commissioner, Barnett Lawley)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 with the same force and effect as if fully set out in specific detail hereinbelow.

44. This claim is brought against the Defendant Alabama Department of Conservation and Natural Resources and its Commissioner, Barnett Lawley, in his official capacity.

45. Plaintiff has been discriminatorily denied promotions he was qualified for in favor of lesser or equally qualified white employees because of his race, African American.

46. Plaintiff is as qualified, if not more qualified, than the white employees who were awarded the positions.

47. Plaintiff has been denied training and proper job assignments and otherwise discriminated against by Defendant in the terms and conditions of his employment.

48. Plaintiff has been retaliated against by Defendants for his participation in activities protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

49. The Conservation Defendants have a pattern and practice of race discrimination.

50. Because of the Conservation Defendants' conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

51. Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus interest,

an injunctive and declaratory judgment, and is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Conservation Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III

**(Race Discrimination in Employment and Retaliation in Violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983 against the State of Alabama Personnel Department and Its Director, Jackie Graham)**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 with the same force and effect as if fully set out in specific detail hereinbelow.

53. This claim is brought against the Defendant State of Alabama Personnel Department and Its Director, Jackie Graham, in her official capacity.

54. Plaintiff has been discriminatorily denied promotions he was qualified for in favor of lesser or equally qualified white employees because of his race, African American.

55. Plaintiff is as qualified, if not more qualified, than the white employees who were awarded the positions.

56. Plaintiff has been denied training and proper job assignments and otherwise discriminated against by Defendant in the terms and conditions of his employment.

57. Plaintiff has been retaliated against by Defendants for his participation in activities protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*.

58. The Personnel Defendants have a pattern and practice of race discrimination.

59. Because of the Personnel Defendants' conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

60.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus interest, an injunctive and declaratory judgment, and is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Personnel Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT IV

**(Race Discrimination in Employment and Retaliation in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)** *et seq.*, **as amended, against the State of Alabama Personnel Department and Its Director, Jackie Graham)**

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1-60 with the same force and effect as if fully set out in specific detail hereinbelow.

62.     This claim is brought against the Defendant State of Alabama Personnel Department and Its Director, Jackie Graham.

63.     Plaintiff has been discriminatorily denied promotions he was qualified for in favor of lesser or equally qualified white employees because of his race, African American.

64.     Plaintiff is as qualified, if not more qualified, than the white employees who were awarded the positions.

65.     Plaintiff has been denied training and proper job assignments and otherwise discriminated against by Defendant in the terms and conditions of his employment.

66.     Plaintiff has been retaliated against by Defendants for his participation in activities protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

67.     The Personnel Defendants have a pattern and practice of race discrimination.

68.     Because of the Personnel Defendants' conduct, Plaintiff has suffered severe emotional

distress, embarrassment and humiliation.

69.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus interest, an injunctive and declaratory judgment, and is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Personnel Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assumes jurisdiciton of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedrues, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

2.     Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting ni concert with the Defendants and at the Defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

3.     Enter an order requiring the Defendants to make the Plaintiff whole by awarding him the position(s) she would have had occupied in the absence of race discrimination, back pay (plus interest), punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.   Award the Plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Susan Donahue
Russell W. Adams
Rocco Calamusa, Jr.
Susan Donahue (ASB-4525A48D)

*Attorneys for the Plaintiff*

OF COUNSEL:
**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alice Ann Byrne  
State Personnel Department  
64 North Union Street  
316 Folsom Administrative Bldg.  
Montgomery, AL 36130  
AliceAnn.Byrne@personnel.alabama.gov  

Christopher W. Weller  
Constance S. Barker  
Mai Lan Isler  
Capell Howard, P.C.  
P.O. Box 2069  
Montgomery, AL 36102-2069  
CWW@CHLAW.COM  
CSB@CHLAW.COM  
MFI@CHLAW.COM  


This 24th day of September, 2007.

                                        /s/ Susan Donahue  
                                        OF COUNSEL