**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DISTRICT**

| | | |
|---|---|---|
| **BENNY NEWTON,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **CIVIL ACTION NO. :** |
| **v.** | ) | **2:07-cv-00433-MHT** |
| | ) | |
| **STATE OF ALABAMA PERSONNEL** | ) | |
| **DEPARTMENT and its Director,** | ) | |
| **Jackie Graham; STATE OF ALABAMA** | ) | |
| **DEPARTMENT OF CONSERVATION** | ) | |
| **AND NATURAL RESOURCES and its** | ) | |
| **Commissioner, Barnett Lawley,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

---

**ANSWER TO FIRST AMENDED COMPLAINT**
**OF DEFENDANTS STATE OF ALABAMA DEPARTMETN OF CONSERVATION AND**
**NATURAL RESOURCES AND COMMISSION BARNETT LAWLEY**

      Come now the Defendants, State of Alabama Personnel Department and its Director, Jackie Graham, State of Alabama Department of Conservation and Natural Resources and its Commissioner Barnett Lawley, ("Defendants"), by and through their attorney of record, Constance S. Barker, and in response to the allegations of the Complaint, say as follows:

## I.      JURISDICTION

1.    Defendants readily acknowledged that the Court has jurisdiction over claims brought under 28 U.S.C. §§ 1331, 133(4), 2201 and 2202, 42 U.S.C. § 2000 et seq., and 42 U.S.C. § 1983, and that Plaintiff seek to invoke the jurisdiction of the Court. Defendants deny that Plaintiff was denied any rights or protections afforded them by any of the cited statutes. Specifically, Defendants deny that Plaintiff, Benny Newton, was denied any rights to which he was entitled by law, or that he was discriminated against in any manner because of any alleged race discrimination. All other allegations not specifically admitted are denied.

2.      Denied. Furthermore, Defendants deny that any unlawful action was taken or that Plaintiff was injured in any way.

## PARTIES

3.      Defendants admit that Plaintiff is an African-American male and, and on information and belief, he is a citizen of the United States. Defendants lack sufficient information at this time to either admit or deny the remaining allegations.

4.      Defendants lack sufficient information at this time to either admit or deny the claims.

5.      Defendants acknowledge that the State of Alabama Department of Conservation and Natural Resources and the State of Alabama Personnel Department are both agencies of the State of Alabama. Defendants deny that any unlawful action was taken or that Plaintiff were injured in any way. All other allegations of the paragraph are denied.

## FACTUAL ALLEGATIONS

6.      Defendants lack sufficient information at this time to either admit or deny the allegations.

7.      Defendants lack sufficient information at this time to either admit or deny the allegations.

8.      Defendants lack sufficient information at this time to either admit or deny the allegations.

9.      Denied.

10.     Defendants lack sufficient information at this time to either admit or deny the allegations.

11.     Admitted.

12.     Admitted.

13.     Denied.

14.     Admitted.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint and demand strict proof thereof.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and demand strict proof thereof.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint and demand strict proof thereof.

18.     Denied.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and demand strict proof thereof.

20.    Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and demand strict proof thereof.

21.    Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and demand strict proof thereof.

22.    Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and demand strict proof thereof.

23.    Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and demand strict proof thereof.

24.    Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint and demand strict proof thereof.

25.    Defendants lack sufficient information at this time to either admit or deny the allegations.

26.    Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and demand strict proof thereof.

27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and demand strict proof thereof.

28.    Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and demand strict proof thereof.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and demand strict proof thereof.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and demand strict proof thereof.

31.    Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and demand strict proof thereof.

32.    Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and demand strict proof thereof.

33.    Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT I

34.    Defendants reallege and re-assert the answers and affirmative defenses provided in response to paragraphs 1 through 33 of the Complaint, as if set forth verbatim, again.

35.    Paragraph 35 does not call for a response, so none is given.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and demand strict proof thereof.

37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint and demand strict proof thereof.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint and demand strict proof thereof.

39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint and demand strict proof thereof.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and demand strict proof thereof.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and demand strict proof thereof.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT TWO

43.     Defendants reallege and re-assert the answers and affirmative defenses provided in response to paragraphs 1 through 42 of the Complaint, as if set forth verbatim, again.

44.     Paragraph 44 does not call for a response, so none is given.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint and demand strict proof thereof.

46.     Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint and demand strict proof thereof.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and demand strict proof thereof.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and demand strict proof thereof.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and demand strict proof thereof.

50.     Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint and demand strict proof thereof.

51.     Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT III

52.     Defendants reallege and re-assert the answers and affirmative defenses provided in response to paragraphs 1 through 51 of the Complaint, as if set forth verbatim, again.

53.     Paragraph 53 does not call for a response, so none is given.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demand strict proof thereof.

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and demand strict proof thereof.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and demand strict proof thereof.

57.     Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and demand strict proof thereof.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and demand strict proof thereof.

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint and demand strict proof thereof.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint and demand strict proof thereof.

## COUNT IV

61.     Defendants reallege and re-assert the answers and affirmative defenses provided in response to paragraphs 1 through 60of the Complaint, as if set forth verbatim, again.

62.     Paragraph 62 does not call for a response, so none is given.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint and demand strict proof thereof.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint and demand strict proof thereof.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint and demand strict proof thereof.

66.    Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint and demand strict proof thereof.

67.    Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint and demand strict proof thereof.

68.    Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demand strict proof thereof.

69.    Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

1.    Plaintiff have failed to satisfy the requirements for injunctive relief. Thus, such relief is due to be denied. All other allegations of the paragraph are denied.

2.    Plaintiff have failed to satisfy the requirements for injunctive relief. Thus, such relief is due to be denied. All other allegations of the paragraph are denied.

3.    Plaintiff has suffered no damage or injury as a result of any unlawful action of the Defendants. Thus, Plaintiff are not entitled to any relief whatsoever.

4.    Defendants deny that any wrongful, illegal or actionable conduct occurred or that the Defendants can be held liable for any of the actions or decisions alleged in this Complaint. Defendants deny that Plaintiff have suffered the injuries or damages cited or any other injury or damage whatsoever. Thus, Plaintiff are not entitled to attorneys' fees, costs, expenses or any other relief against Defendants. Defendants further deny the remaining allegations in the paragraph.

All other allegations not expressly admitted are expressly denied.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>First Affirmative Defense</u>

Defendants affirmatively assert that they did not violate any federal statute or deny Plaintiff any right or privilege to which they are entitled under the equal protection or due process clauses of the Fourteenth Amendment to the U.S. Constitution.

<u>Second Affirmative Defense</u>

In the alternative, Defendants assert that they did not intentionally, willfully or maliciously violate any federal law or deny Plaintiff any rights or privileges to which they are entitled under the Fourteenth Amendment.

<u>Third Affirmative Defense</u>

In the alternative, Defendants deny that Plaintiff was denied any rights or protections afforded them by any of the cited statutes. Specifically, Defendants deny that Plaintiff, Benny Newton, was denied any rights to which he was entitled by law, or that he was discriminated against in any manner because of any alleged race discrimination.

<u>Fourth Affirmative Defense</u>

Each and every action and decision challenged in the Complaint was rationally related to a legitimate state interest.

<u>Fifth Affirmative Defense</u>

To the extent that Plaintiff has failed to satisfy any statutory prerequisites, those claims are due to be denied.

<u>Sixth Affirmative Defense</u>

Plaintiff's request for a preliminary injunction is due to be denied because no immediate, irreparable injury, loss or damage will result to Plaintiff before this matter can be heard and determined.

<u>Seventh Affirmative Defense</u>

To the extent that any of the claims are barred by the applicable statute(s) of limitations, they are due to be dismissed.

<u>Eighth Affirmative Defense</u>

The Complaint is due to be denied for failure to state a claim upon which relief may be granted.

<u>Ninth Affirmative Defense</u>

Defendants assert that none of them violated any statute or law relied upon in the Complaint.

<u>Tenth Affirmative Defense</u>

In the alternative, Defendants assert that they did not intentionally, willfully, maliciously, deliberately or in bad faith, violate any statute or law relied upon in the Complaint.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are false and frivolous and are therefore due to be dismissed with sanctions under Rule Eleven of the Federal Rules of Civil Procedure.

<u>Twelfth Affirmative Defense</u>

Plaintiff has failed to sufficiently mitigate their damages, if any.

<u>Thirteenth Affirmative Defense</u>

All actions taken by Defendants were based on legitimate reasons consistent with Defendants' responsibilities.

<u>Fourteenth Affirmative Defense</u>

At all times relevant to this Complaint, Defendants acted based on reasonable factors.

<u>Fifteenth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of laches.

<u>Sixteenth Affirmative Defense</u>

To the extent that the claims are time barred, they are due to be dismissed.

### Seventeenth Affirmative Defense

To the extent that Plaintiff comes into this court with unclean hands, he is barred from seeking any equitable relief.

### Eighteenth Affirmative Defense

To the extent that Plaintiff's claims are fraudulently made, they are barred.

### Nineteenth Affirmative Defense

To the extent that Plaintiff asserts federal claims against Defendant, Commissioner Barnett Lawley in his official capacity, those claims are barred by the Eleventh Amendment.

### Twentieth Affirmative Defense

To the extent that Plaintiff asserts claims against Defendant, Commissioner Barnett Lawley in his official capacity, those claims are barred by Article I, Section 14 of the Alabama Constitution.

### Twenty-First Affirmative Defense

To the extent that Plaintiff asserts federal claims against Defendant, Director Jackie Graham, in her official capacity, those claims are barred by the Eleventh Amendment.

### Twenty-Second Affirmative Defense

To the extent that Plaintiff asserts claims against Defendant, Director Jackie Graham in her official capacity, those claims are barred by Article I, Section 14 of the Alabama Constitution.

### Twenty-Third Affirmative Defense

To the extent that Plaintiff asserts federal claims against the Alabama Department of Conservation and Natural Resources, those claims are barred by the Eleventh Amendment.

<u>Twenty-Fourth Affirmative Defense</u>

To the extent that Plaintiff asserts claims against the Alabama Department of Conservation and Natural Resources, those claims are barred by Article I, Section 14 of the Alabama Constitution.

<u>Twenty-Fifth Affirmative Defense</u>

To the extent that Plaintiff asserts federal claims against the State of Alabama Personnel Department, those claims are barred by the Eleventh Amendment.

<u>Twenty-Sixth Affirmative Defense</u>

To the extent that Plaintiff asserts claims against the State of Alabama Personnel Department, those claims are barred by Article I, Section 14 of the Alabama Constitution.

<u>Twenty-Seventh Affirmative Defense</u>

The Plaintiff is barred by Article I, Section 14 of the Alabama Constitution, from obtaining any monetary or equitable relief against Defendant, Commissioner Barnett Lawley.

<u>Twenty-Eighth Affirmative Defense</u>

The Plaintiff is barred by Article I, Section 14 of the Alabama Constitution, from obtaining any monetary or equitable relief against Defendant, Director Jackie Graham.

<u>Twenty-Ninth Affirmative Defense</u>

The Plaintiff has suffered no damages thus he is entitled to no relief.

<u>Thirtieth Affirmative Defense</u>

Any action taken by Defendant, Commissioner Barnett Lawley, was taken in good faith, pursuant to his discretionary authority, and his conduct did not violate any clearly established Constitutional or legal rights about which a reasonable person would have known. Thus, Defendant, Commissioner Barnett Lawley, is entitled to qualified immunity with regard to Plaintiff's claims.

<u>Thirty-First Affirmative Defense</u>

Any action taken by Defendant, Director Jackie Graham, was taken in good faith, pursuant to her discretionary authority, and her conduct did not violate any clearly established Constitutional or legal rights about which a reasonable person would have known. Thus, Defendant, Director Jackie Graham, is entitled to qualified immunity with regard to Plaintiff's claims.

<u>Thirty-Second Affirmative Defense</u>

Qualified and discretionary immunity bars the Plaintiff's claims against Defendant, Commissioner Barnett Lawley to the extent that the Complaint intends to name him in his individual capacity.

<u>Thirty-Third Affirmative Defense</u>

Eleventh Amendment immunity bars any monetary or equitable relief against Commissioner Barnett Lawley, in his official capacity as Commissioner Alabama Department of Conservation and Natural Resources.

<u>Thirty-Fourth Affirmative Defense</u>

Article I, Section 14 of the Alabama Constitution bars any relief against Commissioner Barnett Lawley in his official capacity as Commissioner Alabama Department of Conservation and Natural Resources.

<u>Thirty-Fifth Affirmative Defense</u>

Qualified and discretionary immunity bars the Plaintiff's claims against Defendant, Director Jackie Graham to the extent that the Complaint intends to name her in her individual capacity.

<u>Thirty-Sixth Affirmative Defense</u>

Eleventh Amendment immunity bars any monetary or equitable relief against Director Jackie Graham, in her official capacity as Director of the State of Alabama Personnel Department.

<u>Thirty-Seventh Affirmative Defense</u>

Article I, Section 14 of the Alabama Constitution bars any relief against Director Jackie Graham, in her official capacity as Director of the State of Alabama Personnel Department.

<u>Thirty-Eighth Affirmative Defense</u>

Defendants deny that Plaintiff is entitled to any relief.

<u>Thirty-Ninth Affirmative Defense</u>

Defendant, Commissioner Barnett Lawley, acted within the line and scope of his employment at all times complained of in the Complaint.

<u>Fortieth Affirmative Defense</u>

Defendant, Director Jackie Graham, acted within the line and scope of her employment at all times complained of in the Complaint.

<u>Forty-First Affirmative Defense</u>

Plaintiff has failed to state a claim for a declaratory judgment.  Thus, such claims are due to be dismissed.

<u>Forty-Second Affirmative Defense</u>

Plaintiff have failed to satisfy the requirements for a injunctive relief.  Thus, such relief is due to be denied.

<u>Forty-Third Affirmative Defense</u>

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the United States Constitution and of the various states, including the Alabama Constitution.

<u>Forty-Fourth Affirmative Defense</u>

Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiff would violate the constitutional safeguards provided under the United States Constitution and the Alabama Constitution in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

<u>Forty-Fifth Affirmative Defense</u>

Plaintiff's claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

<u>Forty-Sixth Affirmative Defense</u>

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, §§ 1, 2, 6, 11, 13, 15, 22 and 35 of the Alabama Constitution, and is improper under the statutes, common law, public policies and applicable rules of the State of Alabama, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally

reasonable limit on the amount of any award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes on Defendants' Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g)     Any award of punitive damages to Plaintiff would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

(h)     Plaintiff's attempt to impose punitive or extra contractual damages on Defendants on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i)     Any award of punitive damages to Plaintiff would violate the procedural safeguards provided to Defendants under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding.    Since Alabama law and procedures which allow the imposition of punitive damages do not afford civil defendants the same protections afforded criminal defendants, awards of punitive damages result in an arbitrary deprivation of property in violation of the Constitution.

(j)     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k)     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l)     Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution.    Punitive damage awards discriminate against defendants in that the protections of criminal trials and the limiting of the amount of punitive damages awardable may be granted to some classes of defendants under certain states' law, but may be denied to these Defendants and others similarly situated.

(m)    Any award of punitive damages would violate Defendants' right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

(n)    The procedures followed in awarding punitive damages under Alabama law could permit multiple awards of punitive damages for the same act or omission.

(o)    Present Alabama law does not provide a meaningful opportunity for challenging the basis for an award of punitive damages and/or the excessiveness of any such award because current law does not provide for meaningful review of such awards by the trial court or appellate court.

(p)    Present Alabama law and/or practice may impermissibly permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined and/or evidence having little bearing on the amount of punitive damages to be awarded.

(q)    Any award of punitive damages would allow Plaintiff to be compensated for elements of damages that would be duplicative of an award of damages received for mental anguish/emotional distress or that would not otherwise be recognized under Alabama law.

<u>Forty-Seventh Affirmative Defense</u>

Plaintiff's claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution, and by the due process clause of Article I, §§ 6 and 13 of the Alabama Constitution, in that:

(a)    there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages and/or to any legitimate interest to be advanced by the State of Alabama;

(b)     there is no requirement that punitive damages be reasonably proportionate to the act or omission sought to be punished;

(c)     review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

(d)     punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

(e)     the preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

(f)     the criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

(g)     the criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain;

(h)     there are no meaningful standards provided by Alabama law for the imposition of punitive damages and therefore Defendants have not been provided fair notice in advance of conduct that could result in punitive damages and/or the potential size of any award as a result of the alleged conduct; and

(i)     the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

<u>Forty-Eighth Affirmative Defense</u>

Plaintiff's claims for punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

(a)    Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce, as an unlawful state regulation of interstate commerce and/or to the extent such an award punishes acts or omissions alleged to have occurred outside of this state;

(b)    the Contracts Clause of Article I, § 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection Clause under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    the constitutional prohibition against vague and overbroad laws;

(f)    the prohibition against *ex post facto* law in Article 1, § 22 of the Alabama Constitution;

(g)    the Contracts Clause of Article I, § 22 of the Alabama Constitution; and

(h)    the Due Process Clause of Article I, § 6 and/or 13 of the Alabama Constitution.

<u>Forty-Ninth Affirmative Defense</u>

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

### Fiftieth Affirmative Defense

Plaintiff's claims for the recovery of punitive damages are barred by Code of Ala. 1975, § 6-11-20 (1993) et seq.

### Fifty-First Affirmative Defense

Plaintiff's claims for the recovery of punitive damages are barred by Code of Ala. 1975, § 6-11-27 (1993).

### Fifty-Second Affirmative Defense

An award of punitive damages in this case, if any, may not exceed the $250,000.00 cap set forth in Code of Ala. 1975, § 6-11-21 (Supp. 1987); see *Goodyear Tire & Rubber Co., v. Vinson*, 749 So. 2d 393 (Ala. 1999) ("All parties litigating in the courts of this State should now be on notice that this Court is willing to reconsider the Henderson [,infra,] ruling that the punitive damages cap of § 6-11-21 Code of Ala. 1975, is unconstitutional; see *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ("[W]e question whether Henderson [v. Ala. Power Co.], 627 So. 2d 878 (Ala. 1993), remains good law.") (citing *BMW of No. America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); *Henderson*, 627 So. 2d at 903 (Houston, J., dissenting); and *Pacific Mut. Life lns. Co. v. Haslip*, 499 U.S. 1, 20 n.9 (1991)). In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in *Henderson* was without effect, and Code of Ala. 1975, § 6-11-21 applies in this case.

Fifty-Third Affirmative Defense

While the Defendants deny that any of them are liable for any conduct that would support an award of punitive damages in this case, the Defendants plead the applicable legislative cap and all pertinent provisions contained in Code of Ala. 1975, § 6-11-21 (Supp. 1999).

Fifty-Fourth Affirmative Defense

The imposition of punitive damages against any of the Defendants in this case would violate the Defendants' due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendants' alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

Fifty-Fifth Affirmative Defense

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama legislature in Code of Ala. 1975, §§13A-4-11 and 13(a)-5-12, jointly and severally.

Fifty-Sixth Affirmative Defense

The claim of Plaintiff for punitive damages cannot be sustained because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if, and after liability on the merits has been found, would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and due process provisions of the Alabama Constitution, and would be improper

under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

### Fifty-Seventh Affirmative Defense

Imposition of punitive damages against the Defendants would have a chilling effect upon the Defendants' right to open access to the courts of this state, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### Fifty-Eighth Affirmative Defense

Plaintiff's claims for punitive damages violate the rights of Defendants to due process and equal protection of the laws as guaranteed by the United States Constitution and the Alabama Constitution, in that the procedures for post-trial review of such damages set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* are unconstitutionally vague and inadequate in their failure to provide a clearly defined standard for courts to apply in the review of such damages; fail to provide an adequate review as to the issue of the need to deter, whether deterrence has been accomplished and whether punishment is appropriate; such procedures provide inadequate review and a vague standard regarding the relationship of such damages to the harm done; neither procedure addresses or cures the lack of guidelines provided juries in the assessment of such damages; that under *Hammond* and *Green Oil*, courts may take certain factors into consideration which lack predictable and objective standards of review and result in an inconsistent application of the factors and unpredictable and inconsistent results; and *Hammond* and *Green Oil* fail to provide definite and meaningful constraints on jury discretion in awarding such damages.

Fifty-Ninth Affirmative Defense

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §§ 1 and 6 of the Alabama Constitution.

Sixtieth Affirmative Defense

Plaintiff is not entitled to recover punitive damages because Plaintiff cannot prove that Defendants' conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

Sixty-First Affirmative Defense

To permit the imposition of punitive damages against the Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution.

Sixty-Second Affirmative Defense

To permit the imposition of punitive damages against the Defendants on a joint and several liability basis would violate Defendants' rights under the Eighth Amendment to the

United States Constitution and Article I, Section 15 of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

Sixty-Third Affirmative Defense

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the United States Constitution as incorporated into the Fourteenth Amendment of the United States Constitution.

Sixty-Fourth Affirmative Defense

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury. See also, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996).

Sixty-Fifth Affirmative Defense

Allowing Alabama juries to jointly and severally award punitive damages against multiple defendants who have different causes of action against them violates the due process clause of the United States and Alabama Constitutions. *CP & B Enterprises, Inc. v. Mellert*, 762 So. 2d 356 (Ala. 2000).

<u>Sixty-Sixth Affirmative Defense</u>

An award of mental anguish damages in this case will violate the Defendants' due process and equal protection rights guaranteed by the Alabama Constitution and United States Constitution because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

<u>Sixty-Seventh Affirmative Defense</u>

To award Plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, the Defendants aver that such an award in this case would violate both the United States Constitution and the Alabama Constitution.

<u>Sixty-Eighth Affirmative Defense</u>

Alabama's procedure for awarding mental anguish or emotional distress damages is unconstitutional because: (a) it fails to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution; (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution; (c) it results in the imposition of different compensation for the same or similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of

property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution .

### Sixty-Ninth Affirmative Defense

At the time of the filing of this Answer, discovery is not yet complete. Defendants reserve the right to supplement its Answer with all such other and further defenses as may be warranted based on information learned in discovery.

### Seventieth Affirmative Defense

### CLAIM OF UNCONSTITUTIONALITY

As Plaintiff fail to specify the nature of the damages they seek, in the event that Plaintiff are asserting a claim for punitive damages, Defendants assert that any award of punitive damages violates Article I, Section 10(1) of and/or the Fourth, Sixth, Eighth, and/or Fourteenth Amendments to the United States Constitution and Article I, Section 6, and other provisions of the Alabama Constitution, on the following separate and several grounds:

(a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(c)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(d)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear, consistent appellate standard of review of an award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(g)     That standards of conduct upon which punitive damages are awarded are vague.

(h)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines.

(i)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(j)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(k)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

(l)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of such damages on a defendant who itself has not engaged in any conduct which would support such an award.

(m)     That civil procedures pursuant to which punitive damages are awarded accord a presumption of correctness to jury punitive damage awards without an adequate procedure for apprising the jury of sufficient standards prior to its rendering an award and, therefore, deprive a defendant of the right to trial by jury.

(n)     That civil procedures pursuant to which punitive damages are awarded accord a presumption of correctness to jury punitive damage awards when the award is rendered without the jury being apprised of sufficient standards prior to rendering its award and, therefore, deprive a defendant of due process.

(o)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of such damages on a defendant who itself has not engaged in any conduct which would support such an award.

(p)     That civil procedure pursuant to which punitive damages are awarded accord a presumption of correctness to jury punitive damages award without an adequate procedure for apprising the jury of sufficient standards prior to rendering an award and, therefore, deprive a defendant of the right to trial by jury.

(q)     That civil procedures pursuant to which punitive damages are awarded accord a presumption of correctness to jury punitive damage awards when the award is rendered without the jury being apprised of sufficient standards prior to rendering its award and, therefore, deprive a defendant of due process.

<u>Seventy-First Affirmative Defense</u>

To the extent that Plaintiff seeks damages under Section 1983 in excess of the statutory caps of 42 U.S.C. §1981(a)(B)(3), those excess claims are due to be denied.

<u>Seventy-Second Affirmative Defense</u>

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure.  Therefore, he is barred from any recovery of special damages.

<u>Seventy-Third Affirmative Defense</u>

Some or all of Plaintiff's claims are barred by estoppel, claim or issue preclusion, the doctrine of laches and/or the doctrine of unclean hands.

<u>Seventy-Fourth Affirmative Defense</u>

To the extent that Plaintiff attempts to alter his claims or alter the factual representations made in his Complaint, his claims are barred by virtue of the doctrine of inconsistent positions, judicial estoppel, equitable estoppel, unclean hands, judicial admissions, collateral estoppel, issue preclusion, claim preclusion, res judicata, adoption, ratification, acquiescence, and/or waiver.

<u>Seventy-Fifth Affirmative Defense</u>

Plaintiff's request for a preliminary injunction is due to be denied because no immediate, irreparable injury, bss or damages will result to Plaintiff before this matter can be heard and determined.

<u>Seventy-Sixth Affirmative Defense</u>

Plaintiff is judicially estopped from demanding a trial by jury or from seeking compensatory and/or punitive damages.

<u>Seventy-Seventh Affirmative Defense</u>

Plaintiff's demand for trial by jury and his claim for compensatory and/or punitive damages are inconsistent with his position as an intervenor or representative of the putative class

in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N.  Therefore, Plaintiff is estopped from demanding a trial by jury and from asserting claims for compensatory and/or punitive damages.

### Seventy-Eighth Affirmative Defense

Plaintiff's claims for compensatory and punitive damages as well as his demand for a trial by jury are barred by the law of the case in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N.

Defendants reserve the right to amend the pleadings to add additional affirmative defenses as this case progresses.

Defendants respectfully demand a trial by jury.

Respectfully submitted,


/s/ CONSTANCE S. BARKER
CONSTANCE S. BARKER (BAR099)
CHRISTOPHER W. WELLER (WEL020)
MAI LAN F. ISLER (*pro hac vice*)
Attorneys for Defendants,
Alabama Department of Conservation and
Natural Resources and Barnett Lawley,
Commissioner


Address of Counsel :

CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

/s/ ALICE ANN BYRNE
ALICE ANN BYRNE (BYR015)
Attorney for Defendants,
State Personnel Department and
Jackie Graham, Director

Address of Counsel :

STATE PERSONNEL DEPARTMENT
Legal Division
Folsom Administrative Building
64 N. Union Street, Ste. 316
Montgomery, AL 36103
334/242-3451

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above document has been electronically filed using the CM/ECF system on this the 12th day of October, 2007.

/s/ CONSTANCE S. BARKER
OF COUNSEL