IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| **BENNY NEWTON,** )<br>)<br>    **Plaintiff,** )<br>) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | **2:07-cv-00433-MHT** |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | |
| **CONSERVATION AND NATURAL** ) | |
| **RESOURCES,** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

___

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT
___

Come Now Defendants Alabama Department of Conservation Natural Resources ("DCNR"), Alabama State Personnel Department ("SPD"), SPD Director Jackie Graham in her official capacity and DCNR Commissioner Bennett Lawley in his official capacity and, pursuant to Rules 12(b)(6) and 56(d) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss or, in the alternative, grant partial summary judgment in favor of Defendants on the following claims of Plaintiff's First Amended Complaint (Doc. No. 29):

- Plaintiff's § 1981/§ 1983 claims against Defendants State Personnel Department and the Department of Conservation & Natural Resources (Counts I & III);

- Plaintiff's § 1981/§ 1983 claims for damages against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts I & III);

- Plaintiff's Title VII claims against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts II & IV); and

1

- Plaintiff's Title VII punitive damage claims against all Defendants (Counts II & IV).

This motion is based on Plaintiff's First Amended Complaint (Doc. No. 29), other pleadings filed to date in this action and Defendants' Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, for Partial Summary Judgment, filed contemporaneously herewith. In addition, Defendants state as follows:

1.  This case arises out of and is related to the ongoing case of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N (hereinafter, the "*Crum* litigation"). On February 24, 1998, Plaintiff Newton sought to intervene in the *Crum* litigation.

2.  On May 18, 2007, the Court granted Newton's intervention motion, but spun off his complaint and converted his action into this separate lawsuit. (Newton Doc. No. 1).

3.  On September 24, 2007, Plaintiff Newton filed his First Amended Complaint, asserting claims for race discrimination in employment and retaliation in violation of 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*., against the State of Alabama Department of Conservation and Natural Resources and its Commissioner, Barnett Lawley (Counts I & II) and against the Alabama State Personnel Department and its Director, Jackie Graham (Count II & IV). First Amended Complaint (Doc. No. 29).

4.  Plaintiff asks the Court to issue a declaratory judgment that Defendants' employment policies, practices, conditions and customs are violative of the rights of the Plaintiff. *Id*. at 11. Plaintiff further seeks permanent injunctive relief enjoining Defendants from engaging in said conduct as well as make-whole relief, including back pay (plus interest), punitive and compensatory damages. *Id.* at 11.

5. On October 2, 2007, Defendants filed their Answer to Plaintiff's First Amended Complaint, wherein they denied the material allegations thereof and asserted various affirmative defenses thereto. (Doc. No. 31).

6. In Counts I and III of his First Amended Complaint, Plaintiff seeks monetary damages and injunctive relief against Defendants SPD and DCNR for alleged race discrimination in promotion, training and job assignments and retaliation in violation of 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983.

7. As set forth more fully in Defendants' memorandum of law filed contemporaneously herewith, Plaintiff's § 1981/§ 1983 claims against Defendants SPD and DCNR (Counts I & III) are barred by the Eleventh Amendment to the U.S. Constitution and, therefore, should be dismissed. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Manders v. Lee*, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc).

8. In Counts I and III of his First Amended Complaint, Plaintiff contends that Defendants SPD Director Jackie Graham and DCNR Commissioner Bennett Lawley are liable in their official capacities for, among other things, back pay (plus interest), compensatory and punitive damages and nominal damages for race discrimination in promotion, training and job assignments and retaliation in violation of § 1981 as enforced through § 1983.

9. Although Plaintiff Newton may pursue his § 1981/§ 1983 claims for prospective injunctive relief against Defendants Graham and Lawley in their official capacities, the Eleventh Amendment bars his § 1981/§ 1983 claim for damages against them. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1209-10 (M.D. Ala. 1998) (Thompson, J.).

10. Plaintiff Newton asserts Title VII official capacity claims against Defendants SPD Director Jackie Graham and DCNR Commissioner Bennett Lawley in their official capacities (Counts II & IV). Because Plaintiff also asserts the same claims against their respective agencies, the claims against Defendants Lawley and Graham are redundant and should be dismissed. It is well-settled law that where, as here, the employer is a party to a Title VII lawsuit, the Court should dismiss like claims against state officials/officers sued in their official capacities because they are functionally equivalent to claims against the agency they represent. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also Shows v. Morgan*, 40 F. Supp. 2d 1345 (M.D. Ala. 1999) (Thompson, J.) (dismissing claims against mayor and police officer in their official capacities as redundant to claims asserted against the city); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1209-10 (M.D. Ala. 1998) (Thompson, J.) (dismissing ALDOT employee's Title VII claims against ALDOT employees named in their official capacities).

11. Therefore, because both SPD and DCNR are named Defendants in Plaintiff's Title VII claims, the Court should dismiss as redundant Plaintiff's official capacity claims against SPD Director Graham and DCNR Commissioner Lawley (Counts II & IV).

12. Finally, all Defendants are entitled to summary judgment on Plaintiff's Title VII punitive damage claims (Counts II & IV) because Title VII disallows punitive damage awards against the government/governmental agency and their agents or representatives. 42 U.S.C.A. § 1981a(b)(1) (emphasis added). *See also Walker v. H. Councill Trenholm State Tech. College*, Case No. 2:06CV49-ID, 2006 WL 2460592, *2 (M.D. Ala., Aug. 23, 2006) (DeMent, J.); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1210 (M.D. Ala. 1998) (Thompson, J.) (dismissing Title VII punitive damage claims against ALDOT and ALDOT agents in their official capacities).

13.     In sum, it is clear that either (1) no relief can be granted under any set of facts that could be proven consistent with the allegations of the foregoing claims and/or (2) that there are no disputed issues of material fact regarding the foregoing claims.

**WHEREFORE, PREMISES CONSIDERED**, the Court should dismiss or, in the alternative, enter summary judgment in favor of Defendants for the following claims:

- Plaintiff's § 1981/§ 1983 claims against Defendants State Personnel Department and the Department of Conservation & Natural Resources (Counts I & III);

- Plaintiff's § 1981/§ 1983 claims for damages against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts I & III);

- Plaintiff's Title VII claims against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts II & IV); and

- Plaintiff's Title VII punitive damage claims against all Defendants (Counts II & IV).

Respectfully submitted, this 13th day of March, 2008.

      /s/ Christopher W. Weller
CHRISTOPHER W. WELLER (WEL020)
CONSTANCE S. BARKER (BAR099)
MAI LAN F. ISLER (*pro hac vice*)
Attorneys for Defendants

Address of Counsel:

CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

      /s/ Alice Ann Byrne
ALICE ANN BYRNE (BYR015)
Attorney for Defendants
State Personnel Department &
Jackie Graham, Director

Address of Counsel :

STATE PERSONNEL DEPARTMENT
Legal Division
Folsom Administrative Building
64 N. Union Street, Ste. 316
Montgomery, AL 36130
334/242-3451

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above document has been electronically filed using the CM/ECF system on this the 13th day of March, 2008.

      /s/ Christopher W. Weller
OF COUNSEL