IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| **BENNY NEWTON,** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>**ALABAMA DEPARTMENT OF** )<br>**CONSERVATION AND NATURAL** )<br>**RESOURCES, et al.,** )<br>)<br>   **Defendants.** )<br>) | **CIVIL ACTION NO.:**<br>**2:07-cv-00433-MHT** |

_____

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**
_____

**COME NOW** Defendants and submit the following Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, for Partial Summary Judgment, filed contemporaneously herewith.

## I. INTRODUCTION

As set forth below, the Court should dismiss or, in the alternative, grant Defendants' motion for partial summary judgment on the following claims of Plaintiff's First Amended Complaint (Doc. No. 29):

- Plaintiff's § 1981/§ 1983 claims against Defendants State Personnel Department and the Department of Conservation & Natural Resources (Counts I & III) are barred by the Eleventh Amendment of the U.S. Constitution;

- Plaintiff's § 1981/§ 1983 claims for damages against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts I & III) are barred by the Eleventh Amendment of the U.S. Constitution;

1

- Plaintiff's Title VII claims against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts II & IV) should be dismissed because their respective agencies are already named as Title VII Defendants; and

- Plaintiff's Title VII punitive damage claims against all Defendants (Counts II & IV) should be dismissed because Title VII disallows punitive damage awards against governmental agencies and their agents.

For these reasons, as set forth more fully below, the Court should enter partial summary judgment in favor of Defendants on these claims.

## II.    PROCEDURAL HISTORY

This case arises out of and is related to the ongoing case of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N (hereinafter, the "*Crum* litigation"). The *Crum* litigation is on ongoing putative class action, wherein the named plaintiffs have asked the Court to enjoin various agencies, departments, subdivisions and individuals and official agents of the State of Alabama from participating in alleged discriminatory hiring and promotions practices. On February 24, 1998, Plaintiff Newton sought to intervene in the *Crum* litigation. On May 18, 2007, the Court granted Newton's intervention motion, but spun off his complaint and converted his action into this separate lawsuit. (Newton Doc. No. 1).

On September 24, 2007, Plaintiff Newton filed his First Amended Complaint, wherein he asserted claims for race discrimination in employment and retaliation in violation of 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, against the State of Alabama Department of Conservation and Natural Resources ("DCNR") and its Commissioner, Barnett Lawley (Counts I & II) and against the Alabama State Personnel Department ("SPD") and its Director, Jackie Graham

(Count II & IV). First Amended Complaint (Doc. No. 29). Plaintiff asks the Court to issue a declaratory judgment that Defendants' employment policies, practices, conditions and customs violate Plaintiff's rights. *Id*. at 11. Plaintiff further seeks permanent injunctive relief enjoining Defendants from engaging in said conduct as well as make-whole relief, including back pay (plus interest), punitive and compensatory damages. *Id.* at 11. On October 2, 2007, Defendants filed their Answer to Plaintiff's First Amended Complaint, wherein they denied the material allegations thereof and asserted various affirmative defenses thereto. (Doc. No. 31).

### III.  STATEMENT OF FACTS

Because this motion is based solely on issues of law, no additional facts are necessary to dispose of the subject claims beyond those facts alleged in Plaintiff's First Amended Complaint and the Procedural History set out above.

### IV.  ARGUMENT

**A.  ELEVENTH AMENDMENT IMMUNITY**

    **1.  PLAINTIFF'S § 1981 CLAIMS, AS ENFORCED THROUGH § 1983, AGAINST THE STATE AGENCY DEFENDANTS SPD AND DCNR (COUNTS I & III) ARE BARRED BY THE ELEVENTH AMENDMENT.**

In Counts I and III of his First Amended Complaint, Plaintiff Newton seeks monetary damages and injunctive relief against Defendants SPD and DCNR for alleged race discrimination in promotion, training and job assignments and retaliation in violation of 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983. Those claims, however, are barred by the Eleventh Amendment. In particular, the Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI. Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Manders v. Lee*, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc).

As explained by the Eleventh Circuit in *Manders v. Lee*, the law is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when an 'arm of the State' is sued." *Id.* at 1308. *See also Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty.*, Case No. 03-16243 (11th Cir. April 15, 2005); *Blackledge v. Alabama Dept. of Mental Health & Mental Retardation*, Civil Action No. 2:06cv321-ID, 2007 WL 3124452, *8 (M.D. Ala. Oct. 25, 2007) (DeMent, J.); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1209-10 (M.D. Ala. 1998) (Thompson, J.).

For these reasons, the Court should dismiss or, in the alternative, grant Defendants' partial summary judgment on Plaintiff's § 1981/§ 1983 claims against Defendants SPD and DCNR (Counts I & III).

**2. PLAINTIFF'S § 1981 CLAIMS FOR DAMAGES, AS ENFORCED THROUGH § 1983, AGAINST SPD DIRECTOR JACKIE GRAHAM AND DCNR COMMISSIONER BARNETT LAWLEY IN THEIR OFFICIAL CAPACITIES (COUNTS I & III) ARE BARRED BY THE ELEVENTH AMENDMENT.**

In Counts I and III of his First Amended Complaint, Plaintiff Newton contends that SPD Director Jackie Graham and DCNR Commissioner Bennett Lawley, are liable in their official capacities for, among other things, back pay (plus interest), compensatory and punitive damages and nominal damages for race discrimination in promotion, training and job assignments and retaliation in violation of § 1981 as enforced through § 1983. Those claims, likewise, are barred

by the Eleventh Amendment. Although a plaintiff may pursue claims for prospective injunctive relief against state officials in their official capacities, the Eleventh Amendment bars § 1981/§ 1983 suits for monetary damages (or their equivalent) against state officials named in their official capacities as defendants. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that actions for monetary damages against a state official in his or her official capacity are essentially suits against the state and, thus, barred by the Eleventh Amendment); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993) (noting that although prospective relief is available against state officials, it is not available against state agencies); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[T]he Eleventh Amendment bars a damages action against a State in federal court. ... This bar remains in effect when State officials are sued for damages in their official capacity."); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1209-10 (M.D. Ala. 1998) (Thompson, J.) (same). Thus, such an action may not proceed to the extent it seeks to recover monetary damages, including retroactive monetary damages incident to injunctive relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102-03 (1984). "The only official-capacity claims which may be pursued consistent with the Eleventh Amendment are ones for prospective, injunctive or declaratory relief." *Blackledge*, 2007 WL 3124452 at *8.

    For these reasons, the Court should dismiss or, in the alternative, grant Defendants' motion for partial summary judgment on Plaintiff's § 1981/§ 1983 damage claims against Defendants SPD Director Jackie Graham and DCNR Commissioner Bennett Lawley (Counts I & III).

**B.    TITLE VII CLAIMS**

    **1.    THE COURT SHOULD DISMISS PLAINTIFF'S TITLE VII CLAIMS AGAINST SPD DIRECTOR JACKIE GRAHAM AND DCNR COMMISSIONER BENNETT LAWLEY IN THEIR OFFICIAL CAPACITIES (COUNTS II & IV) BECAUSE THEY ARE FUNCTIONALLY EQUIVALENT TO THE TITLE VII CLAIMS AGAINST THEIR RESPECTIVE AGENCIES.**

Plaintiff Newton asserts Title VII official capacity claims against Defendants Lawley and Graham (Counts II & IV). Because Plaintiff also asserts the same claims against their respective agencies, the claims against Defendants Lawley and Graham are redundant and should be dismissed. It is well-settled law that where, as here, the employer is a party to a Title VII suit, Title VII claims against a state official in his or her capacity are redundant and should be dismissed. *Willis v. Georgia Dept. of Natural Resources*, Civil Action No. 5:05-CV-420, 2007 WL 2908458, *7 (M.D. Ga. Sept. 29, 2007); *Blackledge*, 2007 WL 3124452, *9 (DeMent, J.) (dismissing Title VII claims against Commissioner of state agency where agency was also named as Title VII defendant); *Shows v. Morgan*, 40 F. Supp. 2d 1345 (M.D. Ala. 1999) (Thompson, J.) (dismissing claims against mayor and police officer in their official capacities as redundant to claims asserted against the city); *Blalock v. Dale County Bd. of Educ.*, 33 F. Supp. 2d 995, 998 (M.D. Ala. 1998) (DeMent, J.) (dismissing plaintiff's Title VII claims against supervisor in his official capacity as redundant of plaintiff's Title VII claims against the board of education); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1209-10 (M.D. Ala. 1998) (Thompson, J.) (dismissing ALDOT employee's Title VII claims against ALDOT employees named in their official capacities). In fact, official capacity claims exist to "impose [ ] liability on the entity" that the officials represent, and not on them as individuals. *See Will v. Michigan*, 491 U.S. 58, 71 (1989) (cause of action against a state agency can be maintained through a named defendant in his official capacity, but the liability belongs to the agency); *Busby v. City of*

*Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (claims against officers in their official capacity are "functionally equivalent" to claims against the entity that they represent).[1]

For these reasons, the Court should dismiss or, in the alternative, grant Defendants' partial summary judgment motion of Plaintiff's Title VII claims against DCNR Commissioner Bennett Lawley and SPD Director Jackie Graham in their official capacities (Counts II & IV).

>   **2.   THE COURT SHOUD DISMISS PLAINTIFF'S TITLE VII PUNITIVE DAMAGE CLAIMS AGAINST ALL DEFENDANTS (COUNTS II & IV) BECAUSE TITLE VII SPECIFICALLY DISALLOWS PUNITIVE DAMAGES AWARDS AGAINST GOVERNMENTAL AGENCIES AND THEIR AGENTS OR REPRESENTATIVES.**

Finally, all Defendants are entitled to summary judgment on Plaintiff's Title VII punitive damage claims because Title VII disallows punitive damage awards against the government/governmental agency and their agents or representatives:

> A complaining party may recover punitive damages under this section against a respondent (***other than a government, government agency or political subdivision***) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C.A. § 1981a(b)(1) (emphasis added). *See also Walker v. H. Councill Trenholm State Tech. College*, Case No. 2:06CV49-ID, 2006 WL 2460592, *2 (M.D. Ala., Aug. 23, 2006) (DeMent, J.) (dismissing Title VII punitive damage claims against state college); *Smith v. State of Alabama*, 996 F. Supp. 1203, 1210 (M.D. Ala. 1998) (Thompson, J.) (dismissing Title VII punitive damage claims against ALDOT and ALDOT agents in their official capacities). As a

---

[1] *See also Nixon v. Autauga County Bd. of Educ.*, 273 F. Supp. 2d 1292 (M.D. Ala. 2003); *Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1404 (M.D. Ala. 1998). The Eleventh Circuit refused to recognize individual capacity claims under Title VII in *Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995). *See also Busby*, 931 F.2d at 772 (A suit under Title VII brought against an agent of an employer is regarded as a suit against the employer itself); *Saville v. Houston County Healthcare Auth.*, 852 F. Supp. 1512, 1522 (M.D. Ala. 1994); *Bahadirli v. Domino's Pizza, Inc.*, 873 F. Supp. 1528 (M.D. Ala. 1995).

result, courts applying 42 U.S.C. § 1981a(b)(1) have dismissed Title VII punitive damages claims brought against state governmental agencies and officials. *See Walker*, 2006 WL 2460592 at *2 (dismissing Title VII punitive damage claim against state college); *Smith*, 996 F. Supp. at 1210; *Bryant v. Locklear*, 947 F. Supp. 915, 916 (E.D.N.C. 1996) (dismissing punitive damage claims against state university and university official acting in official capacity); *Bremiller v. Cleveland Psychiatric Inst.*, 879 F. Supp. 782, 789 (N.D. Ohio 1995) (finding on motion to dismiss that § 1981a(b)(1) prohibited award of punitive damages against state government agency).

Therefore, because SPD and DCNR are governmental entities and because SPD Director Jackie Graham and DCNR Commissioner Bennett Lawley are official and agents of their respective agencies, the Court should dismiss Plaintiff's Title VII punitive damages claim (Counts II & IV) against them.

## V. CONCLUSION

In sum, it is clear that either (1) no relief can be granted under any set of facts that could be proven consistent with the allegations of the foregoing claims and/or (2) that there are no disputed issues of material fact regarding the foregoing claims. Therefore, the Court should dismiss or, in the alternative, enter summary judgment in favor of Defendants for the following claims:

- Plaintiff's § 1981/§ 1983 claims against Defendants State Personnel Department and the Department of Conservation & Natural Resources (Counts I & III);

- Plaintiff's § 1981/§ 1983 claims for damages against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts I & III);

- Plaintiff's Title VII claims against Defendants Jackie Graham and Bennett Lawley in their official capacities (Counts II & IV); and

- Plaintiff's Title VII punitive damage claims against all Defendants (Counts II & IV).

Respectfully submitted, this 13th day of March, 2008.

    /s/ Christopher W. Weller
CHRISTOPHER W. WELLER (WEL020)
CONSTANCE S. BARKER (BAR099)
MAI LAN F. ISLER (*pro hac vice*)
Attorneys for Defendants

Address of Counsel:

CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

/s/ Alice Ann Byrne
ALICE ANN BYRNE (BYR015)
Attorney for Defendants
State Personnel Department &
Jackie Graham, Director

Address of Counsel :

STATE PERSONNEL DEPARTMENT
Legal Division
Folsom Administrative Building
64 N. Union Street, Ste. 316
Montgomery, AL 36130
334/242-3451

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been electronically filed using the CM/ECF system on this the 13th day of March, 2008.

    /s/ Christopher W. Weller
OF COUNSEL